UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2648 |
| | § | |
| LISA MANTLE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Anthony Ortiz filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Defendants Lisa Mantle and S.J. Abke moved for summary judgment. For the reasons stated below, defendants' motion is granted and the amended complaint is dismissed with prejudice.

### I. Background

At all times relevant to this case, Plaintiff Anthony Ortiz was an inmate in the Texas Department of Criminal Justice ("TDCJ"), housed at the TDCJ's Pack I Unit. Defendants Mantle and Abke are TDCJ corrections officials.

Ortiz alleges that defendants improperly debited his inmate trust account $100 for a medical copayment, and failed to process subsequent grievances. He contends that these alleged acts violated his constitutional rights, and seeks money damages and a declaration that the Texas law requiring medical copayments from inmates is unconstitutional.

## II.    Analysis

### A.    Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.    Alleged Violations

Ortiz' amended complaint is rambling and somewhat difficult to understand. It appears that he alleges that a Texas law requiring inmates to contribute to the costs of their medical care is unconstitutional and that the defendants violated Texas state law in their handling of money in inmate trust fund accounts and then conspired to further violate Texas law by mishandling and/or destroying grievances filed by Ortiz.

#### 1.    Violations of State Law

42 U.S.C. § 1983 creates a cause of action when a person acting under color of state law causes a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. It does not create a cause of action for violations of state law.

Ortiz' complaint alleges violations of state law, but he fails to identify any provision of federal law or of the United States constitution that was violated by defendants' alleged actions. He phrases his objection to the defendants' enforcement of a state law requiring inmates to make

a copayment for medical services as a due process issue. Ortiz, however, has no liberty interest in the grievance process. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). While his allegations may show violations of state law in the handling of the grievances, they do not show a violation of his federal civil rights. Defendants are therefore entitled to summary judgment on all claims arising out of the handling of Ortiz' grievances.

### 2. Copayment

Section 501.063 of the Texas Government Code provides that an inmate who seeks medical care must pay a $100 annual copayment for medical services. If the inmate lacks sufficient funds to make the payment, then TDCJ is directed to take half of any future deposits to the inmate's trust account until the fee is paid. Ortiz argues that this statute is unconstitutional. He further argues that the deduction of $100 from his account for a copayment deprived him of his property without due process of law.

#### a. Constitutionality of Copayment Law

Ortiz cites no law supporting his argument that it is unconstitutional to require inmates who can afford payment to pay some of the cost of their medical services. "There is, of course, no general constitutional right to free health care." *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997). The Fifth Circuit has similarly held that it is not unconstitutional to require nonindigent inmates to bear some of the cost for their health care. *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996). There is therefore no basis to conclude that section 501.063 is unconstitutional.

#### b. Deprivation of Property

Plaintiff also complains that his account was debited $100 for a medical copayment. Contrary to Ortiz' bald assertions that defendants manipulated the grievance system to steal this

money from him, records show that the Ortiz' grievance was processed and it was determined that the copayment was required for dental services. *See* Defendants' Exh. A at 21. As noted above, it does not offend the Constitution to charge nonindigent inmates a medical copayment. Ortiz fails to state a claim for deprivation of his property without due process of law.

### 3. Deliberate Indifference To Medical Needs

Ortiz also alleges that he is diabetic, and was improperly denied a medically necessary snack. To rise to the level of a constitutional violation, defendants' actions must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

It is unclear from the complaint who deprived Ortiz of his snack. The complaint appears to contend, rather, that defendants Mantle and Abke mishandled the grievances he filed concerning the snack.

As noted above, to the extent Ortiz' complaint is about the grievance process, it fails to state a constitutional claim. To the extent that Ortiz argues that the alleged mishandling of the grievance itself constituted deliberate indifference to his medical needs, the records submitted by the defendants show that his complaint was addressed.

Defendants' Exhibit A shows that plaintiff's grievance was investigated.

> This office has completed the investigation. Food service has been contacted about your grievance and corrective action has been taken. Your name is on the list to receive a regular tray with a snack and it will be provided as long as your name appears. In the future, any food service issues are best addressed by speaking with food service staff at the time of incident so corrective action can be taken if warranted. This issue is considered resolved. No further action is warranted from this office.

Defendants' Exh. A at 4. It is thus clear that plaintiff's medical issue was addressed through the grievance process, and defendants did not exhibit deliberate indifference to plaintiff's serious medical needs.

### 4. Eleventh Amendment Immunity

It is not clear whether plaintiff sues the defendants in their individual capacities, their official capacities, or both. The Eleventh Amendment bars suits for money damages by individuals against states. It also bars suit for money damages against state officials in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984). Therefore, to the

extent plaintiff seeks money damages from the defendants in their official capacities, such claims are barred by the Eleventh Amendment.

### 5. Defendants Perry and Herrera

Ortiz' amended complaint also names as defendants Texas Governor Rick Perry and Pack I Unit Warden R. Herrera. It appears that neither of these defendants has been served with a summons and complaint. Nonetheless, 42 U.S.C. § 1915A requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

Ortiz' complaint against Governor Perry appears to arise solely out of Perry's role in passage of the copayment statute. His complaint against defendant Herrera appears to arise solely out of Herrera's alleged role in the grievance process.

As discussed above, the statute requiring copayment is not unconstitutional. Therefore, Ortiz fails to connect Governor Perry to any violation of Ortiz' constitutional rights.

As further discussed above, plaintiff has no constitutional rights arising out of the grievance process. He therefore fails to state a claim against defendant Herrera.

C. **Conclusion**

For the foregoing reasons, the motion for summary judgment by defendants Mantle and Abke is granted, the Court *sua sponte* dismisses defendants Perry and Herrera, and the amended complaint is dismissed with prejudice.

III. **Order**

It is ORDERED that:

1. The motion for summary judgment by defendants Mantle and Abke(Doc. # 39) is GRANTED;

2. Defendants Perry and Herrera are dismissed *sua sponte*; and

3. The amended complaint (Doc. # 9) is DISMISSED WITH PREJUDICE.

SIGNED on this 12th day of February, 2014.

_____
Kenneth M. Hoyt
United States District Judge